IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMIR FATIR a/k/a STERLING HOBBS, | § § § | No. 650, 2014 |
| Defendant Below, Appellant, | § § § § | Court Below–Superior Court of the State of Delaware in and for New Castle County |
| v. | § § | |
| STATE OF DELAWARE, | § § § | Cr. ID No. 75060892DI |
| Plaintiff Below, Appellee. | § § § | |

Submitted: December 23, 2014
Decided: March 2, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 2nd day of March 2015, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:

(1) In 1976, a Superior Court jury convicted the appellant, Amir Fatir, a/k/a Sterling Hobbs, of Murder in the First Degree and related offenses. In 1980, Fatir was sentenced to life in prison without parole for the murder conviction and to terms of imprisonment for the other offenses. On direct appeal, this Court affirmed Fatir's convictions and sentences.[1]

---

[1] *Hooks v. State*, 416 A.2d 189 (Del. 1980).

(2)   This appeal is from the Superior Court's October 2014 order summarily dismissing Fatir's most recent motion for postconviction relief and denying his motion for appointment of counsel as moot.[2]   In his postconviction motion and on appeal, Fatir claims that he was never arraigned in the Superior Court.   The Superior Court summarily dismissed Fatir's postconviction motion as procedurally barred under Superior Court Criminal Rule 61(d)(2).

(3)   The appellee, State of Delaware, has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Fatir's opening brief that this appeal is without merit.   Having carefully considered the parties' positions on appeal and the Superior Court record, we agree and affirm.   Moreover, because the trial transcript reflects that Fatir was arraigned immediately prior to jury selection,[3] we conclude that Fatir's appeal is, at best, "factually frivolous."[4]

---

[2] *State v. Fatir*, 2014 WL 5659054 (Del. Super. Oct. 27, 2014).

[3] The transcript reads:

> THE COURT:   Good morning, gentlemen.   The first order of business is to arraign the defendants.   I will ask that the defendants and counsel rise.   I will ask the Prothonotary to read the indictment.
>
> * * *
>
> THE CLERK:   How say you, Sterling Hobbs, guilty or not guilty?
>
> MR. HOBBS:   Not guilty.

2

(4) Fatir risks a special order assessing costs if he continues to file frivolous claims in this Court.[5] Moreover, because Fatir was granted leave to proceed *in forma pauperis* on appeal based on his certification, made under penalty of perjury, that "the facts alleged are true and correct," the Court will revoke the order granting Fatir's *in forma pauperis* motion.

NOW, THEREFORE, IT IS ORDERED that the order granting Fatir's motion to proceed *in forma pauperis* is REVOKED. The State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

THE CLERK: All defendants plead not guilty to all charges, your Honor.

THE COURT: All right. Let the not guilty pleas be entered and defendants may be seated. The first or next order of business is selection of the jury.

Trial tr. at 7-8 (Jan. 19, 1976).

[4] *See* 10 *Del. C.* § 8801(6) ("'Factually frivolous' shall mean a claim where the factual allegations of which are baseless, of little or no weight, value or importance, not worthy of serious attention or trivial.").

[5] Del. Supr. Ct. R. 20(f).

3